IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WC 3RD & TRINITY, LP,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | 1:17-CV-688-DAE |
| STK REBEL AUSTIN, LLC, AND<br>THE ONE GROUP HOSPITALITY,<br>INC.,<br>    Defendants, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| WORLD CLASS CAPITAL GROUP,<br>LLC, NATIN PAUL, AND<br>SHEENA PAUL,<br>    Third-party Defendants. | §<br>§<br>§<br>§ | |

**O R D E R**

Now before the Court is Defendants' STK Rebel Austin, LLC and The One Group Hospitality, Inc. (together, the "STK Group") Motion for Sanctions, or Alternatively, for Continuance of Trial and Reopening Discovery on Limited Scope of Mitigation, filed March 11, 2020 (Dkt. No. 126), and the associated response and reply briefs (Dkt. Nos. 132-33). On March 12, 2020, the Honorable David A. Ezra referred STK Group's Motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Rule 1(c) of Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

In the Motion, STK Group seeks (1) to prohibit Plaintiff WC 3rd & Trinity, LP ("Plaintiff") from introducing as evidence its proposed trial Exhibit Nos. 16-24, 29, and 30 on the grounds that they were not timely disclosed; (2) to take as an established fact that Plaintiff did not use objectively reasonable efforts to mitigate its alleged damages; and/or (3) to prohibit Plaintiff

1

from opposing STK Group's affirmative defense of mitigation, pursuant to FED. R. CIV. P. 37(b)(2)(A). In the alternative, STK Group asks the Court to continue trial, which was set for March 30, 2020 at the time the motion was filed, and to reopen discovery on the scope of Plaintiff's mitigation. Trial is now set for May 12, 2020. Dkt. No. 131.

With respect to the introduction of certain trial exhibits, before the District Court is STK Group's prior pending Motion in Limine to exclude the same challenged evidence. Dkt. No. 125 (Motion in Limine No. 3). At this late stage of the proceeding, STK Group may seek any relief to which it may be entitled at trial as to these exhibits through its Motion in Limine.

As for the other two remedies STK Group seeks, Plaintiff points out, and STK Group does not dispute, that these are potential "death penalty" sanctions on the facts of this case, where the only issues remaining for trial are the amount of damages and attorney's fees, including STK Group's mitigation defense. The Fifth Circuit Court of Appeals imposes a heightened standard for such litigation-ending sanctions, requiring the following four findings: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect. *Law Funder v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). Here, because STK Group does not allege that Plaintiff acted willfully or in bad faith, it fails to meet even the first requirement for imposition of the requested sanctions.

For the foregoing reasons, STK Group's Motion (Dkt. No. 126) is **DENIED**.

**SIGNED** April 13, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE